IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOSEPH W. SULLIVAN, FED. ID. #13526-022, | ) ) ) | CIV. NO. 12-00647 JMS/RLP |
| Plaintiff, | ) ) ) | DISMISSAL ORDER PURSUANT TO 28 U.S.C. § 1915(e)(2) AND |
| vs. | ) ) | § 1915A(b) |
| MICHAEL J. ASTRUE, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## DISMISSAL ORDER PURSUANT TO
## 28 U.S.C. § 1915(e)(2) AND § 1915A(b)

Before the court is *pro se* Plaintiff Joseph W. Sullivan's Complaint seeking relief against Michael J. Astrue, Commissioner of the Social Security Administration. Plaintiff is a prisoner at the Federal Detention Center, Honolulu, Hawaii, ("FDC-Honolulu") and is proceeding *in forma pauperis*. Plaintiff complains that Defendant breached a contract and violated his constitutional rights by suspending his Social Security retirement benefits during Plaintiff's incarceration. Plaintiff seeks reinstatement of his benefits.

Plaintiff's Complaint and action are DISMISSED for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1). Because amendment is futile, this dismissal is with prejudice and without leave to amend.

# I. STATUTORY SCREENING

Federal courts must screen all cases in which prisoners are proceeding *in forma pauperis* or seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §§ 1915(e)(2), 1915A(a). The court must identify cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.*

A complaint may be dismissed for failure to state a claim if it (1) lacks a cognizable legal theory; or (2) contains insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not demand detailed factual allegations, however, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The court must construe a pro se complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If a pleading can be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc). "Dismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007).

//
//
//
//

## II. DISCUSSION

Plaintiff alleges that he entered into a contract with the Social Security Administration when he was eighteen years old and began contributing to Social Security. Plaintiff began receiving Social Security retirement benefits in 1998, when he turned sixty-two. Plaintiff claims that Defendant breached this contract, violated the Equal Protection and Due Process Clauses, and other non-specified constitutional rights when the Social Security Administration suspended Plaintiff's Social Security benefits on or about July 2011, when Plaintiff was incarcerated.[1] *See* 42 U.S.C. § 402(x)(1)(A)(i) (providing for the suspension of Social Security payments during any period of 30 days or more in any month while the individual is confined in a jail, prison, or other penal institution or correctional facility pursuant to a criminal conviction).

First, Plaintiff does not indicate that he has exhausted his administrative remedies with the Social Security Administration before filing this suit. If Plaintiff has not exhausted his claims, the court lacks jurisdiction over them. *See Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curiam)

---

[1] Plaintiff's bail was revoked and he was arrested on June 7, 2011. On October 27, 2011, Plaintiff pled guilty to two counts of Wire Fraud, in violation of 18 U.S.C. § 1343, in Cr. No. 10-00680 LEK, and one count of False Statement in Application of Passport, in violation of 18 U.S.C. § 1542, in Cr. No. 11-00604 LEK. He was sentenced to fifty-five months for each of the three counts to run concurrently.

(all claimants must exhaust the administrative remedies set forth in 42 U.S.C. § 405(g) to invoke the district court's jurisdiction).

Second, to the extent Plaintiff seeks damages against Social Security Administrator Astrue under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 389 (1971), those claims are foreclosed. *See Schweiker v. Chilicky*, 487 U.S. 412, 414, 429 (1988) (explaining that the Social Security system's elaborate administrative scheme provides a meaningful alternative remedy to Social Security claims, and holding that *Bivens* actions for damages are therefore "unavailable as a matter of law" for such claims); *see also Minneci v. Pollard*, 132 S. Ct. 617, 622 (2012) (explaining and limiting the parameters of *Bivens* causes of action).

Third, Plaintiff fails to state a constitutional claim based on the suspension of his Social Security benefits during his incarceration. *See Butler v. Apfel*, 144 F.3d 622 (9th Cir. 1998) (holding that suspension of an inmate's social security retirement benefits violates neither due process nor equal protection, nor any other constitutional provision); *see also Dep't of Health & Human Serv. v. Chater*, 163 F.3d 1129 (9th Cir. 1998) (holding that Social Security disability payments may be withheld from incarcerated juveniles); *Davis v. Bowen*, 825 F.2d 799, 800 (4th Cir. 1987) (finding that the suspending benefits for incarcerated felons does not violate due process or equal protection rights); *Peeler v. Heckler*,

781 F.2d 649 (8th Cir. 1986) (concluding that the suspension of disability benefits to incarcerated felons does not constitute "punishment" in violation of the *ex post facto* clause); *Wiley v. Bowen*, 824 F.2d 1120 (D.C. Cir. 1987) (same); *Langella v. United States*, 2001 WL 431509 (2nd Cir. 2001) (holding that suspension of Social Security benefits during incarceration does not violate due process or equal protection). Plaintiff cannot state a claim that his constitutional rights under the Equal Protection or Due Process Clauses, or under some other non-specified constitutional provision, are violated by suspension of his Social Security retirement benefits while he is incarcerated.

        Finally, as to Plaintiff's breach of contract claim, the United States Supreme Court has held that Social Security benefits are noncontractual benefits under a social welfare system, and that Congress has reserved the right to modify the scheme of benefits when and how it sees fit. *See Flemming v. Nestor*, 363 U.S. 603, 611 (1960). Plaintiff has no contractual relationship with the Social Security Administration. Because Plaintiff fails to state a claim and amendment is futile, the Complaint and this action are dismissed with prejudice.

### III. <u>28 U.S.C. § 1915(g)</u>

Under the 3-strikes provision of 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915:

> If the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff is NOTIFIED that this dismissal may later count as "strike" under the "3-strikes" provision. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1099 (9th Cir. 2011) (explaining that a strike may be counted under § 1915(g) after the decision is upheld on appeal or the time to appeal has passed).

### IV. <u>CONCLUSION</u>

IT IS HEREBY ORDERED that:

(1)   The Complaint is DISMISSED for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b)(1). Because amendment is futile, this dismissal is with prejudice and without leave to amend. Any pending motions are DENIED.

(2) Plaintiff is NOTIFIED that this dismissal may later be counted as a strike pursuant to 28 U.S.C. § 1915(g).

(3) The Clerk of Court shall TERMINATE this action and enter judgment.

(4) The court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3)(A), that an appeal of this decision would not be taken in good faith.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 13, 2012.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Sullivan v. Astrue,* Civ. No. 12-00647 JMS/BMK; Dismissal Order Pursuant to 28 U.S.C. § 1915(e) (2) and § 1915A(b) ; G:\docs\prose attys\Screening\DMP\2012\Sullivan 12-647 JMS (SS pymts stopped ftsc).wpd